IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CARLA BROWN**                                                        **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 2:12cv125-KS-MTP**

**WAL-MART STORE, INC.**
**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff Carla Brown's Motion to Remand [3]. Having considered the submissions of the parties, the record and the applicable law, the Court finds that the Motion will be granted if the Plaintiff files an affidavit within fourteen (14) days of the entry of this Order, establishing that she is not seeking more than $75,000, exclusive of interest and costs, in this lawsuit. If Plaintiff fails to file such an affidavit, the Defendant will be allowed to serve the requests for admission attached to its Response [6] to the Motion to Remand regarding the jurisdictional amount.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 27, 2012, Carla Brown filed suit in the Circuit Court of Marion County, Mississippi, alleging injury as a result of tripping over a rug at the front door of the Wal-Mart store located in Columbia, Mississippi. (*See* Complaint [1-2] at ¶ 5.) On July 20, 2012, Wal-Mart Stores East, L.P. ("Wal-Mart"), incorrectly named in the Complaint as Wal-Mart Store, Inc.,[1] timely filed its Notice of Removal [1] in this Court. Wal-Mart asserts that diversity jurisdiction exists "over this matter pursuant to the provisions of 28

---

[1] Plaintiff's Motion to Remand [3] acknowledges that the Defendant was incorrectly identified in the Complaint and that Wal-Mart Stores East, L.P. owns and operates the store where the Plaintiff allegedly sustained injury.

U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs." (Notice of Removal [1] at ¶ 4.) Wal-Mart contends that the amount in controversy requirement is met because the Complaint seeks actual "damages not to exceed $74,999.99, as well as punitive damages . . . ." (Notice of Removal [1] at ¶ 6.)

On July 24, 2012, Plaintiff filed her Motion to Remand [3]. Plaintiff does not contest that the parties are of diverse citizenship. (*See* Motion to Remand [3] at ¶ 3.) Plaintiff argues that § 1332(a)'s amount in controversy requirement is not met. "Plaintiff is alleging less than $75,000.00, in TOTAL DAMAGES. The amount in controversy is less tha[n] $75,000.00 . . . ." (Motion to Remand [3] at ¶ 5.)

On August 10, 2012, Wal-Mart filed its Response [6] to the Motion to Remand. Wal-Mart concedes that the above-quoted statements in the Motion to Remand make it appear that remand is appropriate. However, "out of an abundance of caution," Wal-Mart requests that the Plaintiff be ordered to file "a written stipulation that she does not now seek, will not in the future seek, will never ask for, and/or will never accept more than $74,999.99 in total damages (compensatory and punitive combined)." (Wal-Mart's Response [6] at ¶ 4.) In the alternative, Wal-Mart asks that the stay of discovery be lifted so that it may serve requests for admission to the Plaintiff concerning the amount in controversy. (Wal-Mart's Response [6] at ¶ 5.)

## II. DISCUSSION

### A. Standard of Review

"In general, defendants may remove a civil action if a federal court would have

had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)).  "The removing party bears the burden of establishing that federal jurisdiction exists."  *Id.* (citing *Gaitor v. Peninsular Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).  Since federal courts are of limited jurisdiction and removal raises significant federalism concerns, the "removal statutes are to be construed strictly against removal and for remand."  *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941)).  Courts are to consider "jurisdictional facts as they existed at the time of removal" in ruling on a motion to remand.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

In this case, removal was based on the Court's original jurisdiction under 28 U.S.C. § 1332.  (*See* Notice of Removal [1] at ¶ 4.)  The two basic requirements of § 1332 applicable to this action are:  1) that the parties be citizens of different states; and 2) that the amount in controversy, exclusive of interest and costs, exceed the sum or value of $75,000.  Only the amount in controversy requirement is at issue since Plaintiff has conceded that the parties are of diverse citizenship.  (*See* Motion to Remand [3] at ¶ 3.)

It is well settled that a plaintiff "is the master of his complaint."  *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 581 (5th Cir. 2004) (citing *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998)).  Thus, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938) (citations omitted).  "It must appear to a legal certainty that the claim is really *for less than* the jurisdictional amount

to justify dismissal." *Id.* at 289 (emphasis added).  The "legal certainty test" is restricted "'in utility to cases in which the plaintiff himself has placed the requisite jurisdictional amount in controversy by requesting damages in excess of the jurisdictional amount.'" *De Aguilar*, 47 F.3d at 1409 (quoting *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 755 (E.D. Mich. 1990)).  Where the plaintiff's complaint does not allege a specific damage amount,[2] or where the complaint alleges that damages will not exceed the federal jurisdictional minimum,[3] a different test applies.  In such instances federal jurisdiction will ordinarily lie if "the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar*, 47 F.3d at 1412.  A sufficient showing is made "if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (citations omitted).

Plaintiff Carla Brown's Complaint does not allege a specific amount of damages above $75,000.  Therefore, the Court will determine if Wal-Mart has established "by a preponderance of the evidence that the amount in controversy" supports an exercise of diversity jurisdiction.  *Manguno*, 276 F.3d at 723.

**B.    Analysis**

---

[2] *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[3] *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009); *De Aguilar*, 47 F.3d at 1409-10.

### 1.      Whether It Is Facially Apparent from the Face of the Complaint that the Amount in Controversy Exceeds $75,000

The Complaint's *ad damnum* clause provides that Plaintiff seeks "actual damages in a sum not to exceed $74,999.99, to reasonably compensate her for her damages, punitive damages and legal interest and cost." (Complaint [1-2] at p. 5).  On one hand, this clause could be interpreted to mean that Plaintiff's "actual damages" are limited to $74,999.99, while her claim for punitive damages is additional and could push the amount in controversy beyond the jurisdictional limit.  "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citing *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)).

On the other hand, the *ad damnum* clause could be interpreted to mean that Plaintiff's entire damage claim (including actual and punitive damages) is limited to $74,999.99.  First, it cannot be considered a coincidence that diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000,"[4] and the Complaint lists "a sum not to exceed $74,999.99 . . . ."  (Complaint [1-2] at p. 5.)  Logic dictates that the Plaintiff was attempting to avoid removal to federal court by the inclusion of this language in the Complaint.  Second, notwithstanding Plaintiff's conclusory allegations of "reckless disregard" and "gross negligence", the fact allegation

---

[4] 28 U.S.C. § 1332(a).

at the center of the Complaint–that Plaintiff tripped over a rug at a Wal-Mart store–does not appear to support an award of punitive damages under Mississippi law.  Punitive damages are only appropriate where the plaintiff proves "by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud."  Miss. Code Ann. § 11-1-65(1)(a).

"Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Manguno,* 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).  The ambiguous nature of the *ad damnum* clause precludes the Court from holding that it is facially apparent from the Complaint that the Plaintiff's claims are likely to exceed $75,000.

> **2.  Whether Wal-Mart Has Presented Any Summary Judgment Type Evidence of Facts in Controversy that Support a Finding of the Requisite Amount**

Wal-Mart has not presented any summary judgment type evidence in support of the Court's exercise of federal diversity jurisdiction.  Instead, Wal-Mart requests "out of an abundance of caution" that the Plaintiff be ordered to file a written stipulation establishing that the amount in controversy is less than $75,000.  (*See* Wal-Mart's Response [6] at ¶ 4.)  Wal-Mart alternatively asks for the stay of discovery to be lifted so that it may serve requests for admission regarding the amount in controversy.  (*See* Wal-Mart's Response [6] at ¶ 5.)

The Court finds that Wal-Mart's position has merit.  The United States Court of Appeals for the Fifth Circuit has held that if "the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence,

relevant to the amount in controversy at the time of removal." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Further, the Western Division of this Court has allowed plaintiffs to submit affidavits establishing that the amount in controversy did not exceed $75,000 where the facially apparent test was not met. *See Boyd v. Dolgencorp, Inc.*, No. 5:12cv48, 2012 WL 3779952, at *3-4 (S.D. Miss. Aug. 31, 2012); *Davis v. Office Max*, No. 5:11cv111, 2011 WL 5983396, at *3, 5 (S.D. Miss. Nov. 29, 2011); *Haley v. Ford Motor Co.*, 398 F. Supp. 2d 522, 526, 528 (S.D. Miss. 2005).[5] As Judge Bramlette explained in *Davis*:

> Even though Office Max has failed to meet its burden, that failure is mostly a consequence of the unavailability of necessary evidence, such as the amount of Davis's medical bills and lost wages. The Court finds that it would be premature to remand the case based on the insufficiency of this evidence because should it later come to light that Davis's damages do exceed this Court's jurisdictional minimum then the parties will be right back w[h]ere they started.

2011 WL 598396, at *4.

In this case, Wal-Mart's inability to show that the amount in controversy exceeds $75,000 is due to the Complaint's ambiguous *ad damnum* clause and the stay of discovery entered as a result of Plaintiff's Motion to Remand [3]. (S*ee* Order [5]). An affidavit from the Plaintiff establishing that she does not seek more than $75,000 would preclude the necessity of any jurisdictional discovery and clarify Plaintiff's ambiguous damage request. Although a post-removal affidavit cannot be used to change a plaintiff's original damage claim (since jurisdictional facts must be weighed at the time of

---

[5] *See also* 14AA Charles Alan Wright et al., *Federal Practice and Procedure* § 3702.1 (4th ed.) ("The federal court . . . can insist on a binding affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount as a pre-condition for remanding the case to state court.").

removal), such an affidavit can "clarify a petition that previously left the jurisdictional question ambiguous." *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).[6]

The Court takes note that the Motion to Remand states the Plaintiff is seeking "less than $75,000.00, in TOTAL DAMAGES." (Motion to Remand [3] at ¶ 5.) However, statements of counsel do not constitute competent summary evidence. *See Roberts v. Walthall County General Hosp.*, 96 F. Supp. 2d 559, 561 (S.D. Miss. 2000) ("To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda."), *aff'd*, 240 F.3d 1075 (5th Cir. 2000). A stipulation signed by the Plaintiff, and not her counsel, regarding the amount in controversy would constitute competent evidence and should resolve any question that might arise as to the binding effect of the stipulation in subsequent proceedings. *Cf. Boyd*, 2012 WL 3779952, at *3 (finding that an affidavit executed by the plaintiff's counsel could not bind the plaintiff, "who can circumvent the affidavit's intended effect by finding another attorney to amend the complaint").

In light of the premises set forth above, the Court finds that it will grant the Motion

---

[6] *Accord Hughes v. Safeco Ins. Co. of Ill.*, No. 3:11cv200, 2011 WL 8198662, at *1 (S.D. Miss. June 14, 2011) (considering a post-removal affidavit in determining the amount in controversy under § 1332(a)); *Adams v. Williams*, No. 2:09cv52, 2009 WL 1585972, at *3 (S.D. Miss. June 4, 2009) (same); *Blaylock v. Mutual of N.Y. Life Ins. Co.*, 228 F. Supp. 2d 778, 785-86 (S.D. Miss. 2002) (same).

to Remand [3] if the Plaintiff files an affidavit with this Court within fourteen (14) days of the entry of this Order establishing that the amount in controversy does not exceed $75,000. Plaintiff's affidavit, to be effective, must state without qualifiers or equivocation that she is not seeking an amount greater than $75,000, exclusive of interest and costs; that she will not amend her complaint to seek damages in excess of $75,000, exclusive of interest and costs;[7] and, that under no circumstances will she accept an amount greater than $75,000, exclusive of interest and costs, for damages of any kind as a result of the circumstances alleged in the Complaint [1-2]. Wal-Mart may serve its proposed Requests for Admission [6-1] to the Plaintiff if she fails to file such an affidavit within the aforementioned time frame. Within seven (7) days of Wal-Mart's receipt of Plaintiff's responses to the admission requests, Wal-Mart shall file Plaintiff's responses with the Court. The Court will then consider whether or not it requires any additional evidence from the parties to determine if § 1332(a)'s amount in controversy requirement is met.

### III. CONCLUSION

It is not facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000, exclusive of interest of costs. Further, the Court has not been presented with any summary judgment type evidence regarding whether the value of Plaintiff's claims supports an exercise of diversity jurisdiction under 28 U.S.C. § 1332.

---

[7] "The Court presumes that the state trial judge would prohibit such an amendment as it would be allowing the Plaintiff to perpetrate a fraud on this Court." *Lee v. State Farm Mut. Auto. Ins. Co.*, 360 F. Supp. 2d 825, 833 (S.D. Miss. 2005). Nonetheless, Wal-Mart may again seek removal from state court if the Plaintiff later amends her Complaint to seek more than $75,000. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003).

Accordingly,

IT IS ORDERED AND ADJUDGED that the Plaintiff has fourteen (14) days from the entry of this Order to file an affidavit with this Court limiting her recovery in this action to $75,000, exclusive of interest and costs. The Court will grant the Motion to Remand [3] if the Plaintiff files such an affidavit.

IT IS FURTHER ORDERED AND ADJUDGED that Wal-Mart may serve its proposed Requests for Admissions [6-1] if the Plaintiff fails to file the aforementioned affidavit within the specified time period. Wal-Mart shall file Plaintiff's responses with the Court within seven (7) days of its receipt of the responses.

IT IS FURTHER ORDERED AND ADJUDGED that the disposition of the Motion to Remand [3] is stayed pending the parties' submission of the aforementioned documents.

SO ORDERED AND ADJUDGED this the 12th day of September, 2012.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE